UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTIAN OWENS, <br><br> Plaintiff, <br><br> v. <br><br> BRANDON GELET, <br><br> Defendant. | CIVIL ACTION NO. 1:22-CV-01623 <br><br> (MEHALCHICK, M.J.) |

**MEMORANDUM**

Presently before the Court is a complaint filed by *pro se* Plaintiff Christian Owens ("Owens") against Defendant Brandon Gelet ("Gelet") on October 17, 2022. (Doc. 1). Concurrently with the filing of the complaint, Owens filed two motions for leave to proceed *in forma pauperis*. (Doc. 5; Doc. 6). Owens filed a notice of change of address, informing the Court that he has been released from Franklin County Jail on November 9, 2022, and the Court directed Owens, who is no longer incarcerated, to either tender payment in the amount of $402.00 to the Clerk of Court or file a completed application to proceed *in forma pauperis*. (Doc. 8; Doc. 9). On December 8, 2022, Owens filed a renewed application to proceed *in forma pauperis*. (Doc. 10).[1]

In the complaint, Owens asserts the following:

> There was no subject matter jurisdiction nor enough probable cause to arrest [Owens] in psychiatric hospital. Also talked to [Owens] and victim and also watched camera evidence of allegedly what happened. Also called two separate counties to have me jailed no discovery. Also knew [Gelet] was in violation and still arrested [Owens]. Psych ward was not in Franklin County.

(Doc. 1, at 4).

---

[1] The Court grants Owens' motions to proceed *in forma pauperis* by separate order.

As relief, Owens seeks the following: "Want Court to have all evidence from police to call to all calls/radio talk till [Owens] was in custody at FCJ. All communications. Also want to sue/file for false imprisonment. Also want to get officer to answer for wrongdoing." (Doc. 1, at 4).

Having conducted the statutorily-mandated screening of the complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), the Court finds that Owens has failed to state a claim upon which relief may be granted, but that Owens should be granted leave to file an amended complaint.

I. **DISCUSSION**

A. **LEGAL STANDARD**

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil amended complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 F. App'x 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the amended complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2).

In this case, because, at the time of initiating this civil action, Owens was a prisoner who sued governmental entities or employees and brought his suit *in forma pauperis*, the screening provisions of the PLRA apply. 28 U.S.C. § 1915A. The fact that Owens was released after he initiated this case does not render the screening provisions of the PLRA inapplicable. If the plaintiff is a prisoner at the time of the initiation of the civil action, then the screening provisions of the PLRA apply even though the prisoner-plaintiff is subsequently

released from prison during the pendency of the civil action. See *Burkes v. Tranquilli*, CIV.A. 08-474, 2008 WL 2682606, at *2 (W.D. Pa. July 2, 2008) ("The rule is that if at the time of the initiation of the civil action, the plaintiff is a prisoner, then the screening provisions of the PLRA apply even if subsequently, the prisoner is released.") (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001) ("the need for the district court to screen a complaint in a civil action filed by a prisoner, as required by 28 U.S.C. § 1915A, looks to the plaintiff's status when the case is filed.")); *In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) ("If a litigant is a prisoner on the day he files a civil action, the PLRA applies.").

In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the amended complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the amended complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face."

*Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (*citing Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

B. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Owens' complaint fails to state a claim under Rule 8(a) of the Federal Rules of Civil Procedure. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *Scibelli v. Lebanon Cty.,* 219 F. App'x 221, 222 (3d Cir. 2007). Dismissal under Rule 8 is proper when a complaint "le[aves] the defendants having to guess what of the many things discussed constituted [a cause of action]." *Binsack v. Lackawanna County Prison,* 438 F. App'x 158, 160 (3d Cir. 2011).

While the undersigned must construe the complaint liberally due to Owens' status as a *pro se* litigant, the complaint fails to meet the pleading requirements of Rule 8. Owens appears to be asserting causes of action under 42 U.S.C. § 1983 for false arrest and false imprisonment. To state a claim for false arrest and false imprisonment under the Fourth Amendment, a plaintiff must allege facts establishing that the defendant(s) arrested him without probable cause. *See James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (explaining that plaintiff must allege "(1) that there was an arrest; and (2) that the arrest was made without probable cause" (citation omitted)). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995).

Here, Owens has not alleged sufficient facts to raise a plausible claim that he was arrested and imprisoned without probable cause. He does not identify the nature of the charges brought against him or describe the circumstances of his arrest to support an inference

that probable cause was lacking. *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (per curiam) (explaining that, to extent plaintiff was asserting claims for false arrest and imprisonment, he "needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested"). Owens requests to "sue/file for false imprisonment," however, he fails to assert any claims that could pertain to a Fourth Amendment false arrest or false imprisonment violations. (Doc. 1, at 2, 4). Throughout the complaint, Owens does not describe the events that led to his alleged arrest and confinement in a psychiatric hospital. (Doc. 1, at 4). Owens' assertions lack any link between his claims and factual allegations. *See Estelle*, 429 U.S. at 106. Due to its bare nature, the complaint does not provide "concise and direct" allegations. *See* Fed. R. Civ. P. 8(d)(1); *Scibelli*, 219 F. App'x at 222. Owens must assert a claim sufficient enough to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *See Twombly*, 550 U.S. at 555. The factual allegations presented in the complaint lack a specific connection to an alleged wrongdoing and are not sufficient to provide Gelet with knowledge as to the charges against him.

Overall, the pleading does not provide any meaningful opportunity for Gelet to decipher or answer Owens' allegations. *See Twombly*, 550 U.S. at 555. It is "rambling and unclear" so as to defy response. *Tillio v. Spiess*, 441 F. App'x 109, 110 (3d Cir. 2011). The allegations presented in the complaint are not "simple, concise, and direct" so as to provide Gelet with knowledge as to with what his is being charged, and therefore it is difficult to understand which factual allegations are connected to the conduct that led to Owens' injuries. *See* Fed. R. Civ. P. 8(d)(1). Because Owens does not allege any information and does not provide clear support for his claims, it is arduous to discern what claims his is asserting.

Owens must adhere to Rule 8 by limiting his complaint to concise allegations of specific conduct that he believes violated his constitutional rights. See *Scibelli*, 219 F. App'x. 221 at 222 (dismissing a complaint because, among other reasons, it did not "qualif[y] as a short and plain statement of a federal claim").

### C. LEAVE TO AMEND

The Court recognizes that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, unless granting further leave to amend would be futile or result in undue delay. *Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004). As the complaint in its current form does not clearly set forth any claims against Gelet, dismissal is warranted. However, so as to preserve Owens' rights as a *pro se* litigant, the Court will grant him leave to file an amended complaint setting forth his factual allegations and legal claims in a manner that can be reviewed by the Court and, if necessary, answered by Gelet.

Owens is advised that the amended complaint must be a pleading that **stands by itself without reference to the original or amended complaints.** *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (emphasis added). The amended complaint must also establish the existence of specific actions taken by Gelet which have resulted in identifiable constitutional violations, to the extent Owens intends to bring a civil rights action under 42 U.S.C. § 1983. Further, Owens is cautioned that he must comply with Rule 8 of the Federal Rules of Civil Procedure and establish at least a modicum of factual specificity regarding the claims he intends to assert and the factual grounds upon which they rest. The amended complaint should also be limited to those claims that arise out of the same transaction or occurrence or series of transactions or occurrences as averred in the original complaint.

**Failure to file a amended complaint in accordance with the aforementioned requirements may result in the dismissal of this action in its entirety.**

II.     CONCLUSION

As it stands, Owens' complaint fails to state a claim upon which relief may be granted. (Doc. 1). The Court grants Owens leave to file an amended complaint within thirty (30) days from the date of the Order filed concurrently with this Memorandum, on or before **Friday, February 3, 2023**.

An appropriate Order follows.


Dated: January 4, 2023                                    *s/ Karoline Mehalchick*
                                                          **KAROLINE MEHALCHICK**
                                                          **Chief United States Magistrate Judge**